IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHERYL LENART** <br> *On Behalf of Herself and All Others Similarly Situated* <br><br> Plaintiff <br><br> v. <br><br> **VISIONWORKS OF AMERICA, INC.** <br><br> Defendant <br><br> *with additional service upon:* <br><br> Hon. Lisa Madigan <br> **ATTORNEY GENERAL OF ILLINOIS** <br> 100 West Randolph Street <br> Chicago, Illinois 60601 | Case No. <br><br><br><br><br><br> **CLASS ACTION COMPLAINT** <br> **JURY DEMANDED** |

**PREAMBLE**

Plaintiff Cheryl Lenart brings this Complaint against Defendant Visionworks of America, Inc., on behalf of herself and on behalf of a class of all other similarly-situated consumers in the state of Illinois.

**NATURE OF THE ACTION**

1. The Illinois legislature has enacted robust legislation to protect consumers and to prohibit retailers from manipulating their price regimes by using deceptive marketing. The Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 *et seq.* (the "Act"), prohibits "unfair or deceptive acts or practices, including but not limited to the use of employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material fact, or the use of employment of any practice described in Section 2 of the [Act] … whether any person has in fact been misled, deceived or damaged thereby."

1

2. Section 2 of the Act identifies as deceptive business practices, among other things, any action which "makes false or misleading statements of fact concerning the reasons for, existence of, or amounts of price reductions," as well as "any other conduct which similarly creates a likelihood of confusion or misunderstanding."

3. And the Act directs that, in determining whether a business practice is unfair or deceptive, "consideration shall be given to the interpretation of the Federal Trade Commission and the federal courts relating to Section 5(a) of the Federal Trade Commission Act."

4. Illinois courts have held that the use of the word *free* in a "buy-one-get-one free" offer is a deceptive business practice under the Act "when, with respect to the article of merchandise required to be purchased in order to obtain the 'free' article, the offeror … increases the ordinary and usual price." *See Fineman v. Citicorp USA, Inc.,* 137 Ill. App. 3d 1035 (1st Dist. 1985).

5. And the FTC prohibits the use of "free" offers for more than six months during any 12-month period. *See* 16 C.F.R. 251.1(h).

6. Visionworks has and continues to use the word "free" in its retail offers throughout the state of Illinois. Visionworks solicits consumer to "buy one" pair of eyeglasses to "get one free." Visionworks limits this free offer only to consumers who do not have vision insurance benefits.

7. Visionworks violates the Act and the FTC regulation by making its free offer continuously and repeatedly, month-after-month for the vast majority of the year. Visionworks's continuous and repeated use of the word free increases the ordinary and usual price for a single pair of eyeglasses, such that the second pair is not truly free.

8. Ms. Lenart brings this case as a proposed class action under the Act, and seeking all remedies afforded to Illinois citizens under that consumer-protection legislation.

/ / /

/ / /

/ / /

**JURISDICTION & VENUE**

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(d)(2) because the matter in controversy exceeds $5 million (exclusive of interest and costs), and this is a class action in which the plaintiff and class members (who are citizens of Illinois) are diverse from the defendant (who is a citizen of Texas).

10. This Court has personal jurisdiction over the defendant because it conducts substantial business in the state of Illinois.

11. This Court is a proper venue for this action under 28 U.S.C. § 1391 because the defendant does business in this district and a substantial part of the acts or omissions giving rise to plaintiff's claims—namely, the solicitation and consummation of the free offer—occurred in this judicial district.

12. Ms. Lenart is a resident of Cook County and a citizen of Illinois.

13. Visionworks is one of the largest retailers of eyeglasses in the country, with at least 33 retail stores in Illinois, including a Schaumburg Mall location in Cook County, where Ms. Lenart was solicited to consummate the free offer giving rise to her claims. Visionworks is a Texas corporation with a San Antonio headquarters.

**FACTUAL ALLEGATIONS**

14. In late summer and fall 2015, Visionworks solicited Ms. Lenart to purchase eyeglasses under a buy-one-get-one-free offer. Ms. Lenart received an advertisement published by Chicago-based digital media company known as Onion, Inc.; she received multiple print advertisements in a weekly coupon newsletter known as Red Plum; she viewed a sign at the Schaumburg Mall entrance to Visionworks; and she received the free offer from the store salesclerk.

15. Each of the written forms of the free offer—online, in print, and on the sign—were virtually identical and substantially similar to the following example, which is being submitted pursuant to Fed. R. Civ. P. 9(b):

3



16. After Ms. Lenart received the online and print solicitations, she visited the Schaumburg Mall on October 11, 2015. She was again solicited by the sign outside the Visionworks store. When she inquired about the offer inside the store, a salesclerk quoted her a price of $332.03 for a single pair of eyeglasses, and stated that the second pair of eyeglasses would be "free" under the offer. Ms. Lenart accepted the "free" offer:



17. The $332.03 price for a single pair of eyeglasses was not Visionworks's ordinary and usual price. Rather, the ordinary and usual price for such a single pair of eyeglasses was approximately 40% less than the price Ms. Lenart paid. Thus, the "free" second pair was not really free. Instead, Visionworks—by using the word *free* continuously and repeatedly—had inflated the price of the first pair of eyeglasses well beyond its true price.

4

18. The value of the second pair of eyeglasses which Ms. Lenart should have—but did not—receive for free upon paying full price for the first pair of eyeglasses is approximately $132.81, which constitutes her actual economic damages recoverable under the Act.

19. Visionworks has been (and continues to be) engaged in litigation in the Northern District of Ohio regarding its continuous and repeated use of the word *free* and the alleged violation of Ohio's consumer protection laws. *See Graiser v. Visionworks of America, Inc.,* N.D. Ohio No. 1:15-cv-02306. That litigation began in 2013, yet Visionworks has persisted to continuously and repeatedly use the word *free* in violation of Illinois's (and Ohio's) prohibitions.

## CLASS ALLEGATIONS

20. This action is brought on behalf of the following Class: ***All consumers who purchased eyeglasses from Visionworks in Illinois during a "Buy One, Get One Free" promotion during the three-year period preceding the commencement of this action.*** Excluded from this Class are the following: (A) consumers who used an insurance benefit; (B) consumers who participated in a Visionworks promotion to buy eyeglasses for a flat advertised price (*e.g.,* a complete pair of frames and lenses for $69.95); and (C) counsel, the Court and its staff, and the immediate family members of the same.

21. The Class is so numerous that the joinder of all members is impracticable: Visionworks is one of the largest retailers of eyeglasses in Illinois and has engaged in tens of thousands of qualifying consumer transactions during the class period.

22. There are questions of law and fact common to the Class; among others, whether Visionworks continuously or repeatedly used the word *free*; and whether Visionworks's use of the word *free* violated Illinois law.

23. Ms. Lenart will fairly and adequately protect the interests of the Class. She has retained experienced counsel and is committed to playing the interests of the Class over her own individual interests.

24. A class action is appropriated under Fed. R. Civ. P. 23(b)(3) because the common questions predominate over any individual questions, and a class action is superior to other

methods for fairly and efficiently adjudicating the controversy.  That is, whether Visionworks's continuous and repeated use of the word *free* violates Illinoi law is the central issue in this case, and resolution of that issue in favor of (or against) any one class members would necessarily result in the same resolution for any and all other class members: to litigate for one is to litigate for all.  And given the costs and resources needed to prosecute this litigation, to allow one to litigate for all is the most efficient use of the class's resources.

### CLAIM FOR RELIEF

25. This claim for relief is brought under the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/10(a), on behalf of Mr. Lenart and the Class.  It incorporates each allegation in this Complaint.

26. Ms. Lenart and each class members were "consumers" within the meaning of the Act, and they utilized the eyeglasses purchased from Visionworks for personal and family purchases, and not for resale in the ordinary course of their trade or business.

27. Visionworks was and is engaged in trade or commerce within the meaning of the Act.

28. Visionworks violated the Act by (A) continuously, for more than 6-of-12 months each year of the class period, using the word *free* in its offers; (B) repeatedly, several times throughout the year and without a 30-day break between offers, using the word *free* in its offers; and (C) passing on to consumers the price of the purportedly "free" eyeglasses by raising the ordinary and usual price of the first pair of eyeglasses.

29. Visionworks knew at the time of each class-member transaction that the price offered as the usual and ordinary base-pair price was substantially in excess of the true usual and ordinary price.

30. Visionworks's conduct was an unfair and deceptive business practice in violation of the Act.

31. Visionworks knowingly committed the unfair and deceptive businesses practices at issue in this Complaint.

32. Ms. Lenart and the class members are entitled to the remedies and relief set forth in § 505/10(a)-(c) of the Act, including (but not limited to) actual damages and attorney's fees.

## PRAYER FOR RELIEF

Therefore, Plaintiff Lenart seeks judgment against Defendant Visionworks as follows:

A. An order certifying this action as a class action under Fed. R. Civ. P. 23(b)(3);

B. An order appointing Ms. Lenart as the class representative;

C. An order appointing Ms. Lenart's counsel as class counsel;

D. Actual damages;

E. Punitive damages as allowed by law;

F. Attorney's fees under 815 ILCS 505/10(c) or as otherwise allowed by law;

G. Costs of suit;

H. Pre- and post-judgment interest;

I. Declaratory, equitable, and injunctive relief;

J. Such other relief as this Court finds just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Respectfully submitted,

s/ Maureen A. Salas
Douglas M. Werman
Maureen Salas
WERMAN SALAS P.C.
77 W. Washington Street, Suite 1402
Chicago, Illinois 60602
T. (312) 419-1008
F. (312) 419-1025
E. dwerman@flsalaw.com
   msalas@flsalaw.com

Drew Legando (OH 0084209)
Jack Landskroner (OH 0059227)
Tom Merriman (OH 0040906)
LANDSKRONER GRIECO MERRIMAN LLC
1360 West 9th Street, Suite 200

Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@lgmlegal.com
   jack@lgmlegal.com
   tom@lgmlegal.com

Mark Schlachet (OH 0009881)
3515 Severn Road
Cleveland, Ohio 44118
T. (216) 522-7559
F. (216) 514-6406
E. mschlachet@gmail.com

*Counsel for Plaintiff*