UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KAREN POTEAT, *etc.* | Case No. 1:15-cv-02306 |
| Plaintiff | Judge James S. Gwin |
| *v.* | |
| VISIONWORKS OF AMERICA, INC. | |
| Defendant | |
| CHERYL LENART, *etc.* | Case No. 1:16-cv-02505 |
| Plaintiff | |
| *v.* | |
| VISIONWORKS OF AMERICA, INC. | |
| Defendant | |

**ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

WHEREAS, the Court conducted a settlement conference which resulted in the parties in the above-captioned cases, Plaintiffs Cheryl Lenart and Karen Poteat ("Plaintiffs") and Defendant Visionworks of America, Inc. ("Visionworks") (collectively, the "Parties"), reaching a global settlement of the class-action claims in this litigation; and

WHEREAS, the Parties further negotiated the terms of the settlement, as well as the form, content, and plan for notice, and reduced them to writing as set forth in the Settlement Agreement;

WHEREAS, the Court finds that it has jurisdiction over the subject matter of the actions and over all settling Parties;

1

WHEREAS, the Court finds that the Proposed Settlement appears to be fair, reasonable, and adequate:

THEREFORE, it is hereby ORDERED:

1. Plaintiffs' Motion for Preliminary Approval (Doc. 53) is granted.

2. Pursuant to Fed. R. Civ. P. 23(b)(3), the actions are certified, for settlement purposes only, as class actions on behalf of the following Settlement Classes:

> *Ohio Settlement Class.* All consumers who completed a Buy-One-Get-One-Free transaction at a Visionworks store located in Ohio from June 25, 2012, through September 15, 2016.
>
> *Illinois Settlement Class.* All consumers who completed a Buy-One-Get-One-Free transaction at a Visionworks store located in Illinois from June 8, 2013, through September 15, 2016.

3. Plaintiff Karen Poteat is appointed Class Representative for the Ohio Settlement Class, and Plaintiff Cheryl Lenart is appointed Class Representative for the Illinois Settlement Class.

4. Drew Legando, Jack Landskoner, and Tom Merriman of Landskroner Grieco Merriman, LLC; Mark Schlachet; and Doug Werman and Maureen Salas of Werman Salas, P.C., are appointed Settlement Class Counsel.

5. The Court finds that conditional certification of the Settlement Classes for settlement purposes only is appropriate because the Settlement Class Members are so numerous that joinder of all of them in the action is impracticable; there are questions of law and fact common to the Settlement Class Members, which will predominate over any individual questions; Plaintiffs' claims are typical of the claims of Settlement Class Members; Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members; and class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, such that a class action is superior to the other available methods for a fair and efficient adjudication of this

controversy. Certification of the Settlement Classes is conditional and for purposes of settlement only.

6. The Court finds, at this preliminary approval stage, that the Proposed Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class Members, especially in light of the benefits of the settlement; the risk, complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; and the limited amount of any potential recovery on an individual basis.

7. The Court approves KCC, LLC, as the Claims Administrator to oversee the administration of the Settlement and the notification to Settlement Class Members in accordance with the Notice Plan set forth in Section IV of the Settlement Agreement. The costs of providing notice are to be borne by Visionworks pursuant to the Agreement; the costs of settlement administration are to be borne by Plaintiffs, pursuant to the Agreement.

8. The Claims Administrator shall establish a qualified settlement fund as set forth in Section X of the Settlement Agreement. Distributions into and from the fund shall be made in accordance with the terms of the Agreement and the Orders of this Court.

9. The Court approves the form and substance of the Ohio and Illinois Notices, including the Claims Forms attached thereto. The proposed form and method for notifying Settlement Class Members of the settlement, its terms, and conditions, meets the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, and constitute due and sufficient notice to all persons and entities entitled to the notice. The Court find that he proposed written notice is clearly designed to advise the Settlement Class Members of the rights. And as part of the Notice Plan, the Claims Administrator shall establish a Settlement Website as set forth in the Settlement Agreement.

10. A Settlement Class Member who wishes to exclude himself or herself from the Settlement, and from the release of claims pursuant to this Settlement, shall submit an Opt Out Letter. For an Opt Out Letter to be accepted it must be timely and valid. To be timely, it must be submitted by the Claims Filing Deadline. To be valid, it must contain a statement that the

Settlement Class Member requests to be excluded from the Settlement Class and must also be signed by the Settlement Class Member and dated in accordance with the instructions in the Notice. The Claims Administrator may invalidate mass-generated opt outs. The Claims Administrator shall maintain a list of persons who have submitted Opt Out Letters and shall provide such list to the Parties in accordance with the provisions of the Settlement Agreement.

11. At least 14 days before the deadline for Objections, Settlement Class Counsel shall submit papers supporting their request for attorney's fees, expenses and cost, and any incentive/service awards to the lead plaintiffs. These papers shall be posted to the Settlement Website.

12. Objections must be filed and served no later than 60 days after the Notice Date. Objections to Settlement Class Counsel's submissions related to fees, expenses, and service awards shall be supplemented up to 7 days after the filing of such submission. The written Objection must indicate whether the Settlement Class Member and/or his or her lawyer(s) intend to appear at the Final Approval Hearing. Any lawyer who intends to appear must enter a written Notice of Appearance with the Clerk of the Court, and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector. Settlement Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the Settlement. Class members who opt out may not object to the Settlement.

13. The Court shall conduct a Final Approval Hearing on __July 31, 2017__ at 12:00 p.m. in the Carl B. Stokes U.S. Courthouse, 801 West Superior Avenue, Cleveland, Ohio, Courtroom 18A, to review and rule upon the following issues:

    a. Whether the actions satisfy the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

    b. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members such that it should be approved by the Court;

4

        c.      Whether the Final Judgment and Order, as contemplated by the Parties' Settlement Agreement, should be entered, dismissing the actions with prejudice and releasing the settled claims; and

        d.      To hear Settlement Class Counsel's petition for attorney's fees, expenses and costs, and incentive/service awards for the lead plaintiffs.

14.    If the Court does not enter final approval in favor of the Settlement, this Order shall be null and void, according to the terms set forth in the Settlement Agreement.

15.    The Court adopts the dates and deadlines set forth in the Settlement Agreement, and specifically sets the following schedule:

        [**within 30 days of this Order**]: Notice Date

        [**60 days after the Notice Date**]: Opt-Out and Objection Deadlines

        [**90 days after the Notice Date**]: Claim Deadline

IT IS SO ORDERED.

                                  *s/     James S. Gwin*
                              James S. Gwin, United Stated District Judge

                                1/13/17
                              Date