UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| KAREN POTEAT, *etc.* | Case No. 1:15-cv-02306 |
| Plaintiff | Judge James S. Gwin |
| *v.* | |
| VISIONWORKS OF AMERICA, INC. | |
| Defendant | |
| CHERYL LENART, *etc.* | Case No. 1:16-cv-02505 (*Consolidated*) |
| Plaintiff | |
| *v.* | |
| VISIONWORKS OF AMERICA, INC. | |
| Defendant | |

### ORDER OF FINAL APPROVAL OF CLASS ACTION SETTLEMENT

This matter is before the Court on Plaintiffs' Motion for Final Approval of Class Action Settlement[1] and a Final Approval Hearing held July 31, 2017.

The Court previously granted Plaintiffs' Motion for Preliminary Approval of Class Action Settlement,[2] and found that the proposed settlement is "fair, reasonable, adequate and in the best interest of the Settlement Class Members, especially in light of the benefits of the settlement; the risk, complexity, expense, and probably duration of further litigation; the risk and delay inherent in possible appeals; and the limited amount of any potential recovery on an individual basis."[3] The Court also conditionally-certified the Ohio and Illinois Classes for

---

[1] Doc. 63.
[2] Doc. 57.
[3] Doc. 60, ¶6.

1

settlement purposes, and appointed Plaintiffs as Class Representatives, their counsel and Class Counsel, and KCC, LCC, as the Claims Administrator.[4] And the Court approved the form, content, and plan for Notice of the proposed settlement to the Class members.[5]

The Court has reviewed the materials submitted in support of the Motion for Final Approval and finds the motion well-taken: the Settlement is fair, reasonable, and adequate.

THEREFORE, it is hereby ORDERED:

1. Plaintiffs' Motion for Final Approval (Doc. 63) is granted.

2. Pursuant to Fed. R. Civ. P. 23(b)(3), the consolidated actions are certified, for settlement purposes only, as class actions on behalf of the following Settlement Classes:

> *Ohio Settlement Class.* All consumers who completed a Buy-One-Get-One-Free transaction at a Visionworks store located in Ohio from June 25, 2012, through September 15, 2016.
>
> *Illinois Settlement Class.* All consumers who completed a Buy-One-Get-One-Free transaction at a Visionworks store located in Illinois from June 8, 2013, through September 15, 2016.

3. Plaintiff Karen Poteat is appointed Class Representative for the Ohio Settlement Class, and Plaintiff Cheryl Lenart is appointed Class Representative for the Illinois Settlement Class.

4. Drew Legando, Jack Landskoner, and Tom Merriman of Landskroner Grieco Merriman, LLC; Mark Schlachet; and Doug Werman and Maureen Salas of Werman Salas, P.C., are appointed Settlement Class Counsel.

5. The Court finds that final certification of the Settlement Classes for settlement purposes only is appropriate.

    a. The Court finds that the Settlement Class Members are so numerous, over 87,000, that joinder of all of them in the action is impracticable.

---

[4] *Id.* at ¶¶2-4, 7.
[5] *Id.* at ¶9-12.

      b.      The Court finds that there are questions of law and fact common to the Settlement Class Members, which will predominate over any individual questions; among others, whether Visionworks' use of the BOGO marketing was unlawfully continuous or repeated.

      c.      The Court finds that Plaintiffs' claims are typical of the claims of Settlement Class Members, and that Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of all of the Settlement Class Members against experienced, skilled and competent class action defense counsel representing Visionworks.

      d.      The Court finds that class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, such that a class action is superior to the other available methods for a fair and efficient adjudication of this controversy.

6.      The Court finds that notice of the terms of the settlement and the procedures for submitting claims, requests for exclusions, or objections were fair, appropriate, the best means practicable, and compliant with due process.

7.      The Court finds, at this final approval stage, that the Proposed Settlement is fair, reasonable, adequate, and in the best interest of the Settlement Class Members.

      a.      The Court finds that there is no risk of fraud or collusion, and no indicia of any such fraud or collusion in the negotiation or resolution of this case by way of settlement.

      b.      The Court finds that this class action was a complex and expensive case of substantial duration, and would have continued through further litigation, trial, and near-certain appeals absent resolution by settlement.

      c.      The Court finds that the discovery in this case was extensive and commensurate with the issues in the case, and that the discovery period had closed, such

that the case was sufficiently mature for the parties to evaluate the case for possible settlement at the stage such negotiations resumed.

    d.    The Court finds that, given a split in authority among the circuits, and in the absence of guidance from the Sixth Circuit, there was a fundamental legal issue that was dispositive of the litigation—namely, whether or not a benefit-of-the-bargain measure of damages could be applied in a buy-one-get-one-free claim—such that success on the merits was uncertain and would likely only have been resolved on appeal.

    e.    The Court finds that experienced consumer class action counsel represented the Plaintiffs against similarly experienced class action defense counsel for Visionworks. Plaintiffs' counsel have opined that the settlement is an excellent recovery and the Plaintiffs have approved of the settlement and signed the settlement agreement.

    f.    The Court finds that the class reaction has been very positive: there were no objections, less than one-tenth of one percent of all class members opted out.

    g.    The Court finds that the settlement is in the public interest, especially in this instance, since the continued litigation of this case through two district courts and two circuits would have expended substantial judicial resources, as well as those of the parties, all while delaying any potential recovery by class members in two different states. Moreover, the claims resolved by way of settlement are consumer-protection claims, the settlement of which public policy generally favors.

8.    The Court orders the Parties and the Claims Administrator to execute the plan for distribution of the Settlement Funds to Class Member Claimants as set forth in the Parties' Settlement Agreement and this Court's prior order.

9.    The Class Representatives and the Settlement Class Members, and their successors and assigns, are permanently barred and enjoined from instituting or prosecuting, either individually or as a class, or in any other capacity, any of the Released Claims against any of the Released Parties, as set forth in the Settlement Agreement. Pursuant to the release

contained in the Settlement Agreement, the Released Claims are compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

10. This matter is hereby SETTLED and DISMISSED WITH PREJUDICE. This judgment is FINAL. Except as otherwise provided in the Settlement Agreement or the Order Approving Attorney's Fees, Expense Reimbursement, Costs of Administration, and Service Payments, the parties shall bear their own costs.

11. The Court retains jurisdiction to enforce the terms of the Settlement and this or prior Orders.

IT IS SO ORDERED.

FINAL.

                          *s/ James S. Gwin*
                          James S. Gwin, United States District Judge

                          8/8/17
                          Date